## UNITED STATES v. GEORGE NASH & CO.

### (Circuit Court of Appeals, Second Circuit. November 7, 1907.)

### No. 58 (4,244).

1. CUSTOMS DUTIES—CLASSIFICATION—WIRE SCREW RODS.

Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 141, 30 Stat. 162 [U. S. Comp. St. 1901, p. 1640], provides, for "iron * * * rods * * * cold drawn * * * in addition to the ordinary process of hot rolling," a duty "in addition to the rates * * * on * * * rods * * * which are hot rolled." *Held*, as to wire screw rods which have been cold drawn after being hot rolled, that they are subject to this additional duty, regardless of the fact that such articles are specially enumerated in another paragraph as "wire screw rods" and that cold drawing is a necessary part of the process of making such rods.

2. SAME—GENERAL PROVISION—UNEQUAL OPERATION.

Where a general tariff provision prescribes an additional duty capable of application to all of several articles enumerated in another provision, it should be applied to all, even though it may operate unequally.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York (152 Fed. 573), reversing a decision of the Board of General Appraisers (G. A. 6,338; T. D. 27,-288), which modified the decision of the collector of the port of New York.

J. Osgood Nichols, Asst. U. S. Atty. (Henry L. Stimson, U. S. Atty., on the brief), for the United States.

Kammerlohr & Duffy (Joseph G. Kammerlohr, of counsel), for importers.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The merchandise in question is iron screw rods. Both sides agree that it is dutiable at four-tenths of a cent per pound under the following paragraph of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638]:

"136. Wire rods: Rivet, screw, fence, and other iron or steel wire rods, whether round, oval, flat, or square, or in any other shape, and nail rods, in coils or otherwise, valued at four cents or less per pound four-tenths of one cent per pound."

The only question is whether the merchandise is subject to the additional duty imposed by the following clause of paragraph 141 of said act (30 Stat. 162 [U. S. Comp. St. 1901, p. 1640]):

"On all iron or steel bars or rods of whatever shape or section which are cold rolled, cold drawn, cold hammered, or polished in any way in addition to the ordinary process of hot rolling or hammering, there shall be paid one-fourth of one cent per pound in addition to the rates provided in this act on bars or rods of whatever section or shape which are hot rolled."

The testimony shows that these screw rods are first hot rolled and then cold drawn. They, therefore, fall within the express provisions

158 F.—26

of paragraph 141. They are "iron rods" of some "shape or section," which have been "cold drawn * * * in addition to the ordinary process of hot rolling." They are subject to the duty imposed by this section, unless for some reason it is inapplicable.

This argument is made why paragraph 141 should not apply: Its purpose is to impose additional duties on account of additional processes. There is no "additional" process in cold drawing a screw rod. The testimony shows that a hot rolled rod does not become a screw rod until it is cold drawn. Cold drawing is necessary to fit the rod for the screw making machine. Imposing a duty upon screw rods eo nomine imposes a duty upon cold drawn rods. No further process calls for the additional duty provided in paragraph 141, and, therefore, it is inapplicable. There would be much force in this contention if screw rods were subjected to a duty eo nomine in a section by themselves, or with other rods which were necessarily cold drawn. It could well be urged that they were required to pay a presumably increased duty for the very reason that they were cold drawn, as well as hot rolled, and that Congress could not have intended to impose a further duty on that account. In such a case the two sections of the act might be said to be contradictory, and the rule that specific designations control general, though appropriate, descriptions applicable. But paragraph 136 embraces rivet, fence, other iron or steel wire rods of every shape, and nail rods as well as screw rods. There is no testimony that cold drawing is a necessary part of the process of making these rods. In fact, the reason why screw rods are cold drawn—for use in the screw making machine—does not apply to them. They seem clearly subject to the additional duty imposed by paragraph 141 when for any reason they are cold drawn. And, if paragraph 141 applies to some of the articles described in paragraph 136, it must apply to all, even though it may operate unequally. There is no indication that the framers of the act intended to single out screw rods for an exclusive duty.

It is also urged that paragraph 141 is inapplicable, because it refers to additional independent processes, while the cold drawing which screw rods receive is merely an incident of their preparation. But the statute is broad and comprehensive. Its terms embrace rods which have been cold drawn for any reason.

It is further urged that the arrangement of the different clauses in paragraph 141 follows that of the metal schedule preceding the "wire" subdivision, and that it should be construed as applying to that schedule alone. There would be force in this claim, if the language of paragraph 141 were limited in any way to the metal schedule. But the clause of that section now under consideration contains no limitation or qualification. It embraces "all" iron or steel rods, "of whatever shape or section." Manifestly the wire rods described in paragraph 136 come within its terms.

It follows, therefore, that the merchandise in question is subject to the duty of one-fourth of one cent per pound under paragraph 141, in addition to the duty of four-tenths of one cent under paragraph 136, of the tariff act.

The decision of the Circuit Court is reversed.